UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY YOUNG, and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HOBBS TRUCKING COMPANY, INC. ) and STEPHANIE KEITH, ) ) Defendants. ) | Civil No. 3:15-cv-991 Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

The plaintiff has filed a Motion for Collective Action Certification and Expedited Court-Facilitated Notice (Docket No. 14), to which the defendants have filed a Response in opposition (Docket No. 16). For the reasons stated herein, and subject to certain adjustments to the form of the notice and the manner of its publication, the motion will be granted in part and denied in part.

## BACKGROUND

The plaintiff, Anthony Young, is a former employee of the defendants, Hobbs Trucking Company, Inc. and Stephanie Keith. Mr. Young worked for the defendants as a dump truck driver from 2014 to September 4, 2015. (Docket No. 1 ¶¶ 8–11.) On September 15, 2015, shortly after he left his employment as a driver, Mr. Young filed this action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of himself and other current and former employees of the defendants. (*Id.*) Mr. Young alleges that the defendants failed to pay him and other similarly situated employees overtime pay for hours worked over 40 hours per week.[1]

---

[1] Mr. Young also alleges that the defendants violated the Tennessee Human Rights Act ("THRA") when it subjected him to a hostile work environment on the basis of his race, resulting in Mr. Young's "constructive discharge." (Docket No. 1 ¶¶ 29–38.) Mr. Young does not,

1

Mr. Young alleges that, until the defendants changed their pay practices in February of 2015, he and other drivers were paid a flat rate of $115 per day for each day that they worked, regardless of how many hours they worked in a day. (*Id.* ¶¶ 13–14.) Mr. Young further alleges that, throughout his employment with the defendants, he worked more than forty hours per week "on a regular and repeated basis" but was never paid overtime wages. (*Id.* ¶ 12.)

On February 22, 2016, Mr. Young filed the instant Motion for Collective Action Certification and Expedited Court-Facilitated Notice. (Docket No. 14.) In the motion, Mr. Young seeks conditional certification of his FLSA claim and court-authorized notice to all "current and former employees of [the defendants] who worked as drivers at [the defendants'] Murfreesboro, Tennessee[] location at any time during the last three years." (*Id.* at p. 1.) He also requests that the defendants provide him with a "computer readable data file" containing the name, last known address, last known email address, and dates of employment for each such employee. (*Id.*) Mr. Young requests that the notice be issued by (1) first class mail, (2) posting "in the break rooms" of the defendants' Murfreesboro location, and (3) dissemination with putative class members' paychecks. (*Id.*) Finally, Mr. Young requests that the court approve his proposed form of notice, which is attached to the motion. (Docket No. 14-1.)

In support of the motion, Mr. Young filed his own declaration, in which he states that he worked as a dump truck driver for the defendants and that, from 2014 to March of 2015, he "was not paid hourly" but, rather, "was paid a flat rate of $115.00 per day." (Docket No. 15 ¶ 4.) Mr. Young further avers that, "[d]uring the time [he] was paid by the day, [he] often worked more than 40 hours per week" but "was not paid any overtime for hours over 40 in a workweek."

---

however, request conditional certification of his race discrimination claims under the THRA and, therefore, they are not pertinent to the pending motion.

(*Id.* ¶ 6.) As support for this statement, Mr. Young attaches pay stubs dated from October of 2014 to March of 2015, demonstrating that he was paid a flat rate for each day that he worked. (*See* Docket No. 15-1.) Finally, Mr. Young declares that he is "personally aware of other employees of [the defendants] who were paid, like [him], by the day and were not paid overtime for all hours over 40 hours in a workweek." (Docket No. 15 ¶ 7.)

The defendants filed their Response in opposition to the motion on February 19, 2016. (Docket No. 16.) The defendants do not oppose conditional certification, but they do challenge aspects of the proposed notice. Specifically, the defendants contend that (1) they should only be required to produce a list of drivers who worked at their Murfreesboro location within the last *two* years (as opposed to the three requested by Mr. Young), because Mr. Young has failed to demonstrate that the defendants willfully violated the FLSA and, therefore, that the FLSA's three-year statute of limitations applies; (2) notice should be provided only by first-class mail; (3) they should not be required to produce a "computer readable data file" that includes information beyond the names and last known addresses of putative class members; and (4) potential class members should have only 45 days to opt in to the suit. (*Id.* at pp. 3–6.) The defendants also object to the content of the proposed notice, arguing that the defendants' positions in this lawsuit should be more fully described and that certain sections of the proposed notice should be added, reworded, or removed. (*Id.* at pp. 5–7.)

## STANDARD FOR CONDITIONAL CERTIFICATION

The FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower

3

burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Once a collective action is certified, however, employees seeking to join the class must opt into the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated." The Sixth Circuit, however, has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261, 267 (6th Cir. 2015) (quoting *O'Brien*, 575 F.3d at 585). Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1009 (6th Cir. 2016) (quoting *O'Brien*, 575 F.3d at 585).

Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the proposed opt-in plaintiffs. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (internal quotation omitted). At the first stage, the plaintiff bears the burden of showing that the employees in the class are similarly situated. *Shabazz v. Asurion Ins. Serv.*, No. 3:07-cv-0653, 2008 WL 1730318, at *3 (M.D. Tenn. April 10, 2008). At that point, "'the certification is conditional and by no means final.' The plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D.

4

Ohio 2002)). In *Comer*, the Sixth Circuit approvingly quoted the lower court's decision, which stated that conditional certification "need only be based on a modest factual showing," *id.* at 547 (quoting *Pritchard*, 210 F.R.D. at 596), and that the court should use "a fairly lenient standard [that] typically results in . . . certification," *id.* at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)); *accord Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) ("Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exist[s]" (internal quotation omitted)). If the named plaintiffs show that employees in the proposed class are similarly situated, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer*, 454 F.3d at 546.

## ANALYSIS

I.     **Conditional Certification**

Mr. Young has provided sufficient factual support to demonstrate that conditional certification of his FLSA claim is appropriate. Mr. Young has submitted his own declaration stating that, as a dump truck driver for the defendants until March of 2015, he was paid at a flat rate of $115 per day and was never compensated for any time that he worked more than 40 hours in a week. As support for this statement, Mr. Young attaches to his declaration pay stubs dated from October of 2014 to March of 2015 which, on their face, demonstrate that he was paid a flat fee for each day that he worked, with no reference to the number of hours he actually worked and no allowance for overtime wages. Mr. Young additionally submits that he is "personally aware" that other employees of the defendants were paid in the same manner in which he was paid and that the defendants failed to pay these other employees overtime wages. (Docket No. 15 ¶ 7.) At this stage in the proceedings, this modest factual showing is sufficient to meet the

rather lenient standard governing conditional certification under the FLSA. *See, e.g.*, *Sniffen v. Spectrum Indus. Servs.*, No. 2:06-cv-622, 2007 WL 1341772, at *1–2 (S.D. Ohio Feb. 13, 2007) (granting conditional class certification where the plaintiffs submitted affidavits and payroll records showing failure to pay overtime wages). Moreover, the defendants have recognized the leniency of this standard and, in "the interest of judicial economy," do not oppose Mr. Young's request for conditional certification of his FLSA claim. (Docket No. 16, p. 2.) The court, therefore, will conditionally certify the claim.

## II.     Notice and Manner of Publication

Courts have the authority to supervise the issuance of notice in FLSA collective actions, with the objective of "manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Under this authority, the court considers the defendants' objections to certain aspects of the notice proposed by Mr. Young, including its content and manner of publication.

First, the defendants object to Mr. Young's request that the notice issue to all drivers employed by the defendants within the last *three* years because, though Mr. Young has pled that the defendants' violation of the FLSA was willful, Mr. Young "has failed to put forth *evidence* to establish a willful violation of the FLSA." (Docket No. 16, pp. 5–6 (emphasis added).) This litigation is still in its early stages, however, and determining whether the defendants' alleged violations of the FLSA were willful would require the court to make a premature decision on the merits of the case. *See Bacon v. Subway Sandwiches & Salads LLC*, No. 3:14-cv-192, 2015 WL 729632 (E.D. Tenn. Feb. 19, 2015) (noting that "[w]hether the defendants' conduct was willful or not is a factual determination not appropriate at this early stage in the litigation" and that the

plaintiff should be allowed to elicit facts concerning willfulness during discovery); *see also Benion v. Lecom, Inc.*, No. 15-14367, 2016 WL 2801562 (E.D. Mich. May 13, 2016) (allowing a three-year "look-back period" in the notice when "[t]he *absence* of willful conduct is not established as a matter of law by the pleadings" (emphasis added) (quoting *Colley v. Scherzinger Corp.*, No. 15-720, 2016 WL 1388853, at *4 (S.D. Ohio Apr. 6, 2016))). The court will, therefore, allow notice to issue to all drivers employed by the defendants at their Murfreesboro location at any time within the last three years.

Second, with respect to the manner in which the notice is published, the defendants do not object to dissemination of the notice by first class mail, which is generally accepted as the "best notice practicable." *See Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011). The defendants do, however, object to Mr. Young's request that the notice be posted in the defendants' break rooms and disseminated with potential class members' paychecks. Mr. Young has offered no evidence – and made no argument – suggesting that a mailed notice is insufficient to notify all putative class members of their right to opt in to this action, and the court will not, therefore, authorize posting of the notice in the defendants' place of business or dissemination with employees' paychecks.

Third, the defendants object to Mr. Young's request that they produce a "computer-searchable file" containing not only the names and mailing addresses for potential class members, but also their last known email addresses and dates of employment. (Docket No. 16, p. 3.) In light of the court's decision to authorize notice through first class mail alone, and Mr. Young's failure to demonstrate – either through evidence or argument – that the dates of a potential class member's employment are necessary to the notice process, the court will require the defendants to produce to Mr. Young only the last known names and addresses for putative

7

class members who were employed by the defendants within the three-year period preceding issuance of the notice. At this time, and in the interest of privacy, the court will not require the defendants to disclose additional identifying information for the putative class members. Furthermore, the court will not *order* the defendants to create a "computer-searchable file" containing contact information for members, though the defendants may produce files in that format if that is how they maintained (or maintain) the information in the ordinary course of business.

Fourth, the defendants have requested a notice period of 45 days (Docket No. 16, p. 6), and Mr. Young has not responded to this proposed period or requested a longer one. The court, therefore, will permit putative class members 45 days from the issuance of the notice to sign and return the consent form.

Finally, the defendants raise certain objections to the content of the notice, some of which are well taken. Specifically, the court notes that the notice should contain a brief statement of the defendants' positions concerning the lawsuit and specify a return date for the potential class members' consent forms within 45 days of the issuance of the notice. In the interest of judicial economy, the court will order the parties to confer and file an agreed-upon notice consistent with the court's findings herein. With regard to the defendants' other requests for simplified or additional language in the notice, the parties will have ample opportunity to address and resolve those issues while compiling the proposed notice.[2]

---

[2] Mr. Young has also asked that the court toll the statute of limitations while this request is pending. Though the court is aware of the fact that the pending motion has been ripe for three months, the court does not find it appropriate to rule upon undeveloped statute of limitations issues. *See Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 956 (M.D. Tenn. 2011) (Trauger, J.); s*ee also Kutzback v. LMS Intellibound, LLC*, No. 2:13–cv–2767, 2014 WL 7187006, at *13 (W.D. Tenn. Dec. 16, 2014) (declining to grant request for equitable tolling at notice of action and noting that, "[i]f and when potential plaintiffs whose claims would otherwise be time-barred

## CONCLUSION

For the reasons stated herein, the Motion for Collective Action Certification and Expedited Court-Facilitated Notice (Docket No. 14) is **GRANTED IN PART AND DENIED IN PART**. The defendants shall provide the plaintiffs with the names and last known addresses of putative class members within 20 days of the date of this Order. The parties shall confer and shall, within 20 days of the date of this Order, file with the court agreed-upon notice and consent forms consistent with the findings set forth herein.

It is so **ORDERED**.

Enter this 1st day of June 2016.

_____
ALETA A. TRAUGER
United States District Judge

---

choose to opt into this class, they may apprise the [c]ourt of their circumstances and individually move for equitable tolling").